# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# EASTERN DIVISION

| | |
|---|---|
| BOND PHARMACY INC., d/b/a AIS HEALTHCARE,<br><br>    Plaintiff,<br>vs.<br><br>THE HEALTH LAW PARTNERS, PC,<br>    Defendant. | Case No. 2:23-cv-13069-BAF-APP<br><br>*District Judge*: Hon. Bernard A. Friedman<br><br>*Magistrate Judge*: Hon. Anthony P. Patti<br><br>**DEFENDANT'S MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11** |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

NICHOLS LIU
Robert Rhoad
Co-Counsel for
The Health Law Partners, P.C.
655 15th Street NW
Suite 425
Washington, DC 20005
(202) 846-9807
rrhoad@nicholsliu.com

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel (P73496)
Co-Counsel for
The Law Partners, P.C.
32000 Northwestern, # 240,
Farmington Hills, MI 48334
(248) 996-8510
cmikel@thehlp.com

# DEFENDANT'S MOTION
# TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

For the reasons set forth in the attached Memorandum in Support, Defendant The Health Law Partners P.C. ("**HLP**") hereby moves as follows:

1. Under Local Rule 83.11(b)(7), HLP seeks the consent of Judges Parker/Grand and Judges Friedman/Patti to designate Case No. *2:33-mc-51368-LVP-DRG* ("**EDMI Action 1**") and the instant matter, *Case No. 2:23-cv-13069-BAF-APP* ("**EDMI Action 2**") as companion cases.

2. HLP requests that the Court determine that EDMI Action 2 is a companion case to EDMI Action 1 under L.R. 83.11, because the same or related parties are present in each case and the cases arise out of the same transaction or occurrence.

3. Under Local Rule 83.11(b), and upon the consent of Judges Parker/Grand and Judges Friedman/Patti, HLP requests Chief Judge Cox to enter an order reassigning this matter to Judges Parker/Grand.

4. Under Local Rule 7.1(a)(2)(A), on December 21, 2023, there was a conference and emails between attorneys entitled to be heard on this motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

<div style="display:flex;justify-content:space-between;">

**Dated**: December 21, 2023

Respectfully submitted,

</div>

<div style="text-align:right;">

*/s/ Clinton Mikel*
Clinton Mikel (P73496)
Co-Counsel for
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

*/s/ Robert T. Rhoad*
NICHOLS LIU LLP
Robert T. Rhoad
Co-Counsel for
The Health Law Partners, P.C.
655 15th Street, NW, Suite 425
Washington, DC 20005
202-846-9807
rrhoad@nicholsliu.com

</div>

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# EASTERN DIVISION

| | |
|---|---|
| BOND PHARMACY INC., d/b/a AIS HEALTHCARE, <br><br> Plaintiff, <br><br> vs. <br><br> THE HEALTH LAW PARTNERS, PC, <br><br> Defendant. | Case No. 2:23-cv-13069-BAF-APP <br><br> *District Judge*: Hon. Bernard A. Friedman <br> *Magistrate Judge*: Hon. Anthony P. Patti <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11** |

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP <br> Paul Werner <br> Imad Matini <br> Amanda Witt <br> Attorneys for Plaintiff <br> 2099 Pennsylvania Ave. NW, Ste. 100 <br> Washington, D.C. 20006 <br> (202) 747-1931 <br> pwerner@sheppardmullin.com <br> imatini@sheppardmullin.com <br> awitt@sheppardmullin.com <br><br> HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C. <br> Larry R. Jensen (P60317) <br> Kathryn E. Jones (P75431) <br> Attorneys for Plaintiff <br> 101 W. Big Beaver Road, Suite 745 <br> Troy, Michigan 48084 | NICHOLS LIU <br> Robert Rhoad <br> Co-Counsel for <br> The Health Law Partners, P.C. <br> 655 15th Street NW <br> Suite 425 <br> Washington, DC 20005 <br> (202) 846-9807 <br> rrhoad@nicholsliu.com <br><br> THE HEALTH LAW PARTNERS, P.C. <br> Clinton Mikel (P73496) <br> Co-Counsel for <br> The Health Law Partners, P.C. <br> 32000 Northwestern, # 240, <br> Farmington Hills, MI 48334 <br> (248) 996-8510 <br> cmikel@thehlp.com |

# MEMORANDUM IN SUPPORT OF MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

L.R. 83.11

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

i

# STATEMENT OF THE ISSUES PRESENTED

1. Whether this case is a companion case to EDMI Case No. 2:33-MC-51368-LVP-DRG under L.R. 83.11(b)(7)(A) because the same or related parties are present in both matters and each matter arises out of the same transaction or occurrence?

**DEFENDANT ANSWER: Yes.**

2. Whether, under L.R. 83.11, the Chief Judge of this Court should reassign this case to Judges Linda V. Parker, and Chief Magistrate Judge David R. Grand who were assigned to the companion case?

**DEFENDANT ANSWER: Yes.**

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

ii

# DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS' MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

Defendant, The Health Law Partners, P.C. ("**HLP**"), through its undersigned counsel, states as follows for its Motion to Designate Actions as Companion Cases and for Reassignment Under L.R. 83.11.

On or about September 11, 2023, AIS filed a miscellaneous action in the Eastern District of Michigan captioned Bond Pharmacy, Inc., d/b/a AIS Healthcare v. Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield, Case No. 23-mc-51368 ("**EDMI Action 1**"). That case was assigned to Judge Linda V. Parker, and referred to Chief Magistrate Judge David R. Grand. All references to EDMI Action 1 will reference "Judges Parker/Grand."

EDMI Action 1 was filed in relation to a proceeding in the District Court for the Eastern District of Virginia captioned Bond Pharmacy, Inc., d/b/a AIS Healthcare v. Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield, Case No. 1:22-cv-1343 ("**EDVA Action**").

The basis of the EDVA Action is a contractual dispute between AIS and Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("**Anthem**"), specifically concerning AIS providing compounded drugs and home

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

1

infusion therapy ("**HIT**") services to Anthem's members under Anthem's Virginia provider agreement.

AIS launched the EDVA Action on November 23, 2022, suing Anthem. AIS brought counts of: (i) Breach of Contract; (ii) Anticipatory Breach of Contract; (iii) Unjust Enrichment; and (iv) Declaratory Judgment Pursuant To 28 U.S.C. § 2201. On or about April 26, 2023, Anthem counterclaimed against AIS alleging one count for Breach of Contract.

Purportedly just before discovery closed in the EDVA Action, AIS learned of an August 2020, email from Robert Dindoffer, an attorney at HLP, to Jamie Burnett of Anthem ("**Email**"). The Email stated that anonymous client(s) of HLP in the pharmacy industry had raised concerns about certain billings and practices by AIS. These alleged practices suggested potential non-compliance with Anthem's coverage standards and standard provider agreements. *See* **EXHIBIT A**.

The Email did not state that AIS had actually committed or engaged in any inappropriate practices. The Email does not speak in concrete factual terms. Instead, the Email relays what had been "alleged," states HLP's opinion, and makes clear that HLP does not have all information or facts necessary to make determinations related to that opinion.

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

2

*See*, for example, **EXHIBIT A**:

i. "**in our opinion**, **reasonably indicates** that AIS **may not** be";
ii. "which **suggests** that AIS **may** be";
iii. "**suggests**";
iv. "**in our opinion**,… this **may be** viewed as improper";
v. "AIS **may be**";
vi. "we **believe** that AIS";
vii. "**potentially** violating";
viii. "**In our opinion**, the foregoing **could raise** concerns";
ix. "To be clear, neither our HLP Clients or our firm are privy to all information regarding AIS, **and cannot make this determination ourselves**."; and
x. "Again, however, we do not have full information on AIS's practices, and **merely offer the opinion** of our firm and the HLP Clients based on the information that we have seen and heard."
(*emphases added*).

HLP also sent the exact email it sent to Anthem to other payors, including Empire Blue Cross Blue Shield in New York. Rather than seek discovery on this information from Anthem or Jamie Burnett (the recipient of the Email), AIS served HLP with a Rule 45 subpoena seeking: (1) a Rule 30(b)(6) deposition of HLP regarding various topics; and (2) requesting HLP produce "nonprivileged" documents and communications related to AIS and its billing practices, services, and other information.

AIS's subpoena to HLP sought "documents and testimony related to its campaign to convince healthcare payors, including Defendant Anthem Health

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

3

Plans of Virginia, d/b/a Anthem Blue Cross And Blue Shield, to investigate AIS and breach its payment obligations to it." [Case 2:23-mc-51368-LVP-DRG, ECF No. 3, PageID.397].

HLP objected and did not provide any privileged information to AIS. AIS then filed the EDMI Action 1 seeking a Motion to Expedite, and a Motion to Compel HLP to comply with its subpoena in the EDVA Action (and seeking sanctions).

In total, the Motion for Expedited Hearing and HLP's Response to the same totaled 18 pages of briefing, with 7 combined exhibits, all of which totaled 125 pages worth of documents.

In total, the Motion to Compel and for Sanctions, HLP's Response to the same, and AIS's Reply, totaled 92 pages of briefing, with 17 lengthy exhibits between the filings, totaling 217 pages altogether.

Judge Grand reviewed the briefings, including AIS's EDVA Complaint (26 pages) and the entirety of Mr. Dindoffer's deposition transcript (164 pages), and ultimately held a ***one-hour and thirty-nine minute*** hearing in EDMI Action 1 on October 12, 2023. Judge Grand issued a 7-page Order on October 19, 2023, in which he denied AIS's motions to compel in its entirety. *See* **EXHIBIT B**.

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

4

On December 4, 2023, AIS sued HLP ("**EDMI Action 2**"), and the case was assigned to the Honorable Bernard A. Friedman, and referred to U.S. Magistrate Judge Anthony P. Patti. All references to EDMI Action 2 will reference "Judges Friedman/Patti." AIS alleges claims against HLP in EDMI Action 2 for: (i) Tortious Interference with Contract in relation to its agreements with Anthem; (ii) Tortious Interference with Business Relations/Expectancy in relation to its agreements with Anthem; and (iii) Declaratory Judgment Pursuant to 28 U.S.C. § 2201.

Under L.R. 83.11(b)(7)(A)(ii), companion cases are cases in which 1) it appears that the same or related parties are present; and 2) the cases arise out of the same transaction or occurrence.

When it becomes apparent to the Judge that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number. L.R. 83.11(b)(7)(D). Counsel *must* bring companion cases to the court's attention by responding to the questions on a civil case cover sheet or in the electronic filing system. L.R. 83.11(b)(7)(C) (emphasis added). When AIS filed EDMI Action 2, it inexcusably failed to indicate any related or companion cases. [ECF No. 3,

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

5

PageID.25].

Both EDMI Action 1 and EDMI Action 2 involve AIS and HLP. Each action revolves around the same factual nexus; namely, AIS's billing practices and procedures as they relate to AIS's agreements with Anthem and compliance with state and federal law, and HLP's emails, which reported a potential compliance concern to payors.

Furthermore, EDMI Action 2 is inherently reliant on the judicial findings and outcome of the EDVA action, which was assigned to Judges Parker/Grand when EDMI Action 1 was dragged into the Eastern District of Michigan. Because of the similar factual and legal arguments between these matters, having separate judges hear identical arguments not only impedes judicial and docket efficiency, but risks inconsistent rulings.

As discussed above, Judge Grand has already reviewed and ruled on lengthy and complex matters in EDMI Action 1. It is of near certainty that these exact arguments would be raised again by AIS to Judges Friedman/Patti, ultimately leading to issues concerning res judicata and/or collateral estoppel. Reassigning EDMI Action 2 to Judges Parker/Grand avoids the potential for inconsistent rulings, prevents res judicata and/or collateral estoppel issues from arising, and will

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

6

bolster judicial and docket efficiency.

EDMI Action 1 and EDMI Action 2 are squarely "companion cases" under L.R. 83.11(b)(7), as each case possess (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence. As such, HLP requests that EDMI Action 1 and EDMI Action 2 be classified as companion cases, as well as the consent of Judges Parker/Grand and Judges Friedman/Patti to reassign all matters to Judges Parker/Grand.

## **CONCLUSION**

For these reasons, Defendant HLP respectfully requests that:

(a) The Court determine that EDMI Action 2 is a companion case to EDMI Action 1 under L.R. 83.11 because the same or related parties are present in each case and the cases arise out of the same transaction or occurrence;

(b) The Court determine that the reassignment of EDMI Action 2 to Judges Parker/Grand, who are assigned to EDMI Action 1, would promote both docket and judicial efficiency and the interests of prompt justice; and

(c) Upon the consent of Judges Parker/Grand and Judges Friedman/Patti, Chief Judge Cox enter an order reassigning this matter to Judges

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

7

Parker/Grand.

**Dated**: December 21, 2023                                           Respectfully submitted,

*/s/ Clinton Mikel*
Clinton Mikel (P73496)
Co-Counsel for
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

*/s/ Robert T. Rhoad*
NICHOLS LIU LLP
Robert T. Rhoad
Co-Counsel for
The Health Law Partners, P.C.
655 15th Street, NW, Suite 425
Washington, DC 20005
202-846-9807
rrhoad@nicholsliu.com

# CERTIFICATE OF SERVICE

I certify that on December 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

*/s/ Clinton Mikel*
Clinton Mikel (P73496)
Co-Counsel for
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DESIGNATE ACTIONS AS COMPANION CASES AND FOR REASSIGNMENT UNDER L.R. 83.11

8

4865-1699-3944, v. 6

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DESIGNATE ACTIONS
AS COMPANION CASES AND FOR REASSIGNMENT
UNDER L.R. 83.11

9