# EXHIBIT A

**From:** Robert Dindoffer on behalf of Robert Dindoffer <rdindoffer@thehlp.com>
**Sent:** Thursday, August 27, 2020 6:00 PM EDT
**To:** jamie.burnett@anthem.com <jamie.burnett@anthem.com>
**CC:** Adrienne Dresevic <ADresevic@thehlp.com>; Monique Selby <mselby@thehlp.com>
**Subject:** Compliance Concern/Complaint
**Attachment(s):** "AIS.pdf","Codes.pdf"

Jamie,

It was good to speak with you briefly today.  Per our call, please let me know if you are able to relay our compliance concern (detailed below) to the appropriate persons within Anthem.  If there is a better way to submit this, please let us know.

Our firm represents several clients in the pharmacy industry, and physician practices that administer intrathecal pain medications in-office for patients with implanted pain pumps ("HLP Clients"). HLP Clients have become aware of certain alleged practices/billings of AIS Healthcare/Bond Pharmacy, Inc (dba Advanced Infusions Solutions )("AIS"). We believe that AIS is a 503(A) specialty compounding pharmacy that prepares and ships patient-specific medications to all 50 states. We believe that AIS provides targeted drug delivery and infusion care services to patients and providers nationwide.

We are submitting this formal complaint on behalf of HLP Clients who have been privy to certain AIS information/documentation. The information/documentation, in our opinion, reasonably indicates that AIS may not be in compliance with Anthem Blue Cross coverage standards and its Anthem Provider Agreement (and also Medicare and other payor requirements). To be clear, neither our HLP Clients or our firm are privy to all information regarding AIS, and cannot make this determination ourselves.

HLP Clients want to ensure that all affected providers in the industry are treated equally, that there is not an unfair advantage to AIS in competing for physician practice in-office pain clinic pharmacy business, and that physician practice in-office pain clinics are not potentially violating laws/regulations/provider manuals in their dealings with AIS.

Pursuant to this submitted complaint, we are requesting that BCBS review/investigate this matter to ensure AIS is operating in compliance with your standards.

By way of brief background, it has been long-standing Centers for Medicare and Medicaid Services ("CMS") policy that pharmacies may not bill Medicare Part B for drugs furnished to a physician for physician-administration to a Medicare beneficiary. When drugs are administered in the physician's office to a beneficiary, the only way those drugs can be billed to Medicare is if the physician purchases the drugs from the pharmacy. In this scenario, the drugs are administered "incident to" a physician's services, and pharmacies are prohibited from billing Medicare Part B under the "incident to" provisions. See, Medicare Benefit Policy Manual, Pub. 100-02, Chapter 15, sections 50.3 and 60.1, and CMS Transmittal 2638.

Similar to CMS policy, applicable Anthem policy provides a specific exclusion from coverage as follows:

> **Exclusions**
> Pharmaceuticals shipped by Provider to a physician's office, hospital, or any setting other than the home or Ambulatory Infusion Suite is not payable under this Agreement. It is prohibited for **Provider to render services and/or ship drugs with the intent to administer in a setting other than the Home or Ambulatory Infusion Suite, ie physician office and/or skilled nursing facility. Providing services on any place other than the Home or Ambulatory Infusion Suite may result in termination of Provider's Agreement.** See, attached Exclusion.

HLP Clients have become aware of certain information (including certain EOBs) which suggests that AIS may be operating in a manner that does not comply with the above policy/requirements. Further, information obtained suggests that when AIS engages with pain practices to provide its targeted drug delivery and/or infusion care services, various "models" are offered to induce the practice to use AIS for all of its business (including Anthem, other BCBSA members, and other payors (possibly Medicare)). In our opinion, the inducements offered by the alleged "models" may be viewed by some as improper. For one example, it appears that AIS offers certain physician-practices certain specialty drugs at no-charge for Anthem/other payor beneficiaries (possibly Medicare beneficiaries as well), and the practices are instructed not to bill payors (possibly Medicare) under the "incident to" provisions. Instead, AIS may be billing patients directly a monthly fee (billing their third party payor directly for both the drugs and the physician "S" code services), while offering patients certain financial assistance through the AIS "Financial Assistance Program." See, attached AIS Financial Assistance Program marketing material. For further example, practices also report that various out-of-network billing strategies are deployed, allowing AIS to provide services with large insurance payments sent directly to the patient, with those payments being remitted back to the physician practice/AIS. This is evidenced by certain redacted EOBs (e.g., EOBs from Anthem).

In summary, we believe that AIS offers various models/options to pain practices in order to capture all of their in-office pain clinic pharmacy business (and their in-home patients) while potentially violating various payor standards and federal and state regulations. In our opinion, the foregoing could raise concerns regarding improper billing, violations of provider agreements, and improper inducements to both the physician practice and its patients. Again, however, we do not have full information on AIS's practices, and merely offer the opinion of our firm and the HLP Clients based on the information that we have seen and heard.

We do believe it is in Anthem's best interest to review/investigate AIS's billing practices to ensure compliance with its standards. This is particularly acute related to AIS's alleged relationships with physician pain practices that administer intrathecal pain medications in-office for patients with implanted pain pumps. We are concerned that if AIS's "models" are deemed problematic, that physician pain practices may be targeted for enforcement (and this is not the proper result). We ask that Anthem exercise restraint and leniency with the physician practices allegedly involved.

We expect that Anthem will keep this complaint anonymous, and will otherwise exercise all measures to protect HLP and the HLP

Clients from retaliation. Our office will hold HLP Client information confidential to the maximum extent permitted.

After your review of this complaint, we would like the opportunity to speak with Anthem representatives to discuss this matter further.

Sincerely,

Adrienne Dresevic, Esq. and Robert Dindoffer, Esq.



### Adrienne Dresevic
**Founding Shareholder**

**O.** (248) 996-8510
**F.** (248) 996-8525
**A.** 32000 Northwestern, # 240, Farmington Hills, MI 48334
**E.** adresevic@thehlp.com

   



### Robert J. Dindoffer
**Senior Associate**

**O.** (248) 996-8510  **D.** (248) 607-0189
**F.** (248) 996-8525
**A.** 32000 Northwestern, # 240, Farmington Hills, MI 48334
**E.** rdindoffer@thehlp.com

   

The Health Law Partners, P.C., is a Michigan professional corporation.
We operate additional offices in New York as "The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group."
CONFIDENTIAL: This email and its attachment(s) contain information which may be privileged, confidential, or otherwise protected from use/disclosure. Some information, such as health information, may be further protected by state and federal laws, which may impose liability for the recipient's improper use, disclosure, or retention of the information. The information is for the intended addressee only. If you are not the intended addressee, any disclosure, copy, retention, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling (248) 996-8510, or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof. This email is not meant to constitute an electronic signature or evidence intent to contract electronically.