# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BOND PHARMACY INC., d/b/a AIS, HEALTHCARE, | Civil Action No. 23-mc-51368 |
| Plaintiff-Counter Defendant | E.D. Va. Case No. 22-cv-01343 |
| v. | Linda V. Parker |
| ANTHEM HEALTH PLANS OF VIRGINIA, d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | United States District Judge |
| | David R. Grand United States Magistrate Judge |
| Defendant-Counterclaimant. | |

## ORDER ON MOTIONS HEARD ON OCTOBER 12, 2023 (ECF Nos. 1, 3, 10, 27)

**Background**

This miscellaneous action arises out of a lawsuit filed in the Eastern District of Virginia ("E.D. Va. Action"), by plaintiff Bond Pharmacy Inc., d/b/a AIS Healthcare ("AIS") against defendant Anthem Health Plans of Virginia, d/b/a Anthem Blue Cross and Blue Shield ("Anthem"). AIS is a licensed pharmacy and provider of home infusion therapy ("HIT"). Anthem is one of the largest health insurance companies in the United States, and has "[t]housands of [] members [who] receive specially compounded medications and critical HIT services from AIS pursuant to the parties' Agreement."

In short, in the E.D. Va. Action, AIS alleges that starting around October 2020, Anthem "reviewed AIS's drug claims," asserted that "AIS's billing practices were incorrect," and "refused to pay [AIS's] submitted drug claims . . ." AIS made some changes to its billing practices, but ultimately, "Anthem [] refused to pay all but a fraction of AIS

1

drug charges . . ." In October 2022, "Anthem informed AIS that it will not pay any of AIS's current or future drug claims." AIS alleges that Anthem owes it at least $525,000 in outstanding drug claims. Thus, in the E.D. Va. Action, AIS asserts claims against Anthem for breach of contract (Count I), anticipatory breach of contract (Count II), and unjust enrichment (Count III), along with a claim for declaratory judgment as to the parties' rights under the Agreement (Count IV).

The E.D. Va. Action proceeded through discovery, and towards the end of that process AIS learned of an e-mail dated August 27, 2020, from attorney Robert Dindoffer ("Dindoffer") of The Health Law Partners law firm ("HLP") to Jamie Burnett ("Burnett") of Anthem, with the subject line of "Compliance Concern/Complaint" (the "E-Mail"). The E-Mail explained that HLP's pharmacy industry and physician practice clients[1] "have become aware of certain alleged practices/billings of [AIS]" which "reasonably indicates that AIS may not be in compliance with Anthem [] coverage standards and its Anthem Provider Agreement . . ." The E-Mail requested that Anthem "review/investigate this matter to ensure AIS is operating in compliance with your standards."

Rather than seeking discovery from Burnett, AIS instead chose to pursue third-party discovery from HLP. Specifically, AIS served a Rule 45 subpoena seeking a 30(b)(6) deposition of HLP regarding a variety of topics, including HLP's knowledge of AIS's billing practices and its communications with third parties concerning AIS. The subpoena also requested HLP to produce "nonprivileged" documents and communications related to

---

[1] The clients' names were known to HLP, but were not identified in the E-Mail.

2

AIS, and its products, services, billing practices, etc. HLP produced documents and the E-Mail's author, Dindoffer, testified at a deposition on September 1, 2023.

The transcript of Dindoffer's deposition reflects a fairly contentious deposition, but most of the disputes focused on one issue that is now also at the center the dispute before this Court; AIS's counsel asked multiple questions designed to discover the identity of HLP's clients who provided the information on which Dindoffer's E-Mail was based. Dindoffer's counsel instructed him not to answer those questions, principally on the grounds of attorney-client privilege.[2] AIS's counsel also attempted to question Dindoffer about other related matters, such as, how it came to learn about AIS and obtain certain information about it, and the substance of the information HLP did obtain about AIS. Again, Dindoffer refused to answer based on attorney-client privilege.

AIS then commenced this miscellaneous action, and filed an "Expedited Motion for an Order Compelling Production of Documents and Testimony" after HLP allegedly "refused to provide a competent [30(b)(6)] witness and withheld documents and testimony based on facially improper objections." (ECF No. 11, PageID.938).[3] The case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 12). The Court held an informal telephonic status conference and determined that AIS's request for an expedited briefing schedule was unnecessary, though it agreed to an expedited hearing date of October 12, 2023. HLP filed a response brief (ECF No. 21), and AIS filed

---

[2] A few "relevance" objections were also lodged to questions about the identities of HLP's clients.

[3] The docket contains multiple copies of this motion, some filed under seal and some containing redactions.

a reply (ECF No. 26).[4]

**<u>Applicable Legal Standards</u>**

Federal Rule of Civil Procedure 26(b)(1) provides, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a), (b).

While federal courts have "supervisory power over [their] own records and files," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 590 (1978), there exists a "strong presumption in favor of openness" of court filings. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Indeed, "[u]nlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at

---

[4] The docket also contains motions to seal certain exhibits and portions of the briefs, which the Court will discuss below.

1180). This is because "the public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1181). The burden of overcoming the presumption "is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *Knoxville News*, 723 F.2d at 476).

**Discussion**

*Motion to Compel*

The parties devoted much of their briefing efforts to whether the identities of HLP's clients who provided the information that led to the issuance of the E-Mail are privileged. However, in its response brief, HLP's principal argument is that "the identity of the client(s) is neither relevant nor material" to the specific claims and defenses in the E.D. Va. Action because "the record evidence is undisputed that Anthem did not know the identity of the client(s) and therefore, the identity of the client(s) did not and could not have impacted any decision Anthem made" as to Anthem's refusal to pay AIS's invoices. For the detailed reasons stated on the record at the hearing on AIS's motion, the Court agrees both with HLP's description of the record evidence, and with its conclusion that the identity of its client(s) is not relevant to the claims and defenses in the E.D. Va. Action. (*See also* ECF No. 21-6, PageID.1706-08). Similarly, and as explained in detail on the record, information in HLP's possession that it did not share with Anthem is irrelevant to those

5

matters. Accordingly, the Court will deny AIS's motion to compel.[5]

*Motions to Seal*

As for the motions to seal, at oral argument, HLP's counsel agreed that, in light of the Court's relevancy ruling, it need only specifically address HLP's contention that the averments in Dindoffer's declaration (some of which were referenced in HLP's response brief) related to his communications with HLP's client(s) are subject to the attorney-client privilege. (ECF No. 31, PageID.2462) ("the only portions of anything that we would ask to remain sealed are portions of Mr. Dindoffer's [sealed] declaration provided to Your Honor, where we have redacted, and portions of our [sealed] response to Your Honor where we have redacted . . ."). The Court agrees with HLP that the privilege applies to those materials and that they are properly sealed.

Dindoffer's sealed declaration clearly describes communications from his client(s) seeking legal advice, and those matters, the work HLP performed in response to receiving such request(s), and HLP's conclusions are further discussed in HLP's sealed response brief. (ECF Nos. 21-6, PageID.1714-16) (". . . HLP was retained by client(s) to provide legal advice regarding . . . The client also sought legal advice concerning . . . HLP attorneys reviewed . . ."); 21-8, PageID.1732-37)). Thus, the motions to seal will be granted in part

---

[5] The foregoing notwithstanding, HLP agreed to provide a sworn supplemental declaration from Dindoffer attesting to the fact that HLP has produced to AIS all documents (including e-mails) and information that it shared with Anthem regarding AIS. **IT IS ORDERED** that HLP shall provide such supplemental declaration **within one week**. While the Court was not necessarily welcoming it, the Court agreed to permit an additional deposition of Dindoffer for the limited purpose of "get[ting] confirmation under oath, on the record" regarding the averments in the supplemental declaration, which deposition the Court assumes would be "very short," if it takes place at all. (ECF No. 31, PageID.2497). Obviously, to the extent the supplemental declaration provides information different than represented at the hearing, AIS may inquire into those matters, as well.

and denied in part as discussed above.

## Conclusion

For all of the foregoing reasons, **IT IS ORDERED** that AIS's motion to compel **(ECF Nos. 3, 10)** is **DENIED**, and that the motions to seal certain documents in the record **(ECF Nos. 1, 27)** are **GRANTED IN PART AND DENIED IN PART AS DISCUSSED ABOVE**.

**IT IS SO ORDERED.**

Dated: October 19, 2023      s/ David R. Grand
                             DAVID R. GRAND
                             UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2023.

                             s/Eddrey O. Butts
                             EDDREY O. BUTTS
                             Case Manager